# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SC SJ Holdings, LLC, *et al.*,<br><br>Debtors. | Bankruptcy Case No.21-10549 (JTD) |
| SC SJ Holdings and LLC, FMT SJ LLC<br><br>Appellants,<br>v.<br>Pillsbury Winthrop Shaw Pittman LLP,<br><br>Appellee. | C.A. No. 22-689-MN<br><br>Bankr. BAP No. 22-36 |

## **RECOMMENDATION**

At Wilmington this **23rd** day of **June, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

This Appeal arises from Appellee's legal representation of Appellants in the underlying Bankruptcy proceedings. This Appeal is based on an Order denying Appellants request for relief from release, exculpation and injunctive provisions which prevent Appellants from suing Appellee for legal malpractice. Certain aspects of this dispute remain pending before the Bankruptcy Court, including a recently filed objection by Appellants to Appellee's final fee application for over $6 million. Appellants rely on the opinions of three (3) experts witnesses and expect Appellee will disclose rebuttal expert opinions shortly. The Parties are scheduling depositions on the fee dispute and anticipate a multi-day evidentiary hearing on Appellee's final fee application by mid-September 2022 in the Bankruptcy Court.

Appellee notes that the Bankruptcy Court's May 12, 2022 order found that the Debtors requested relief from their own confirmed plan of reorganization was untimely under 11 USC §§1127(b) and 1144. According to Appellee, § 1127(b) of the Bankruptcy Code prohibits modifications of a confirmed plan of reorganization after the plan has been substantially consummated, which occurred by November 8, 2021, and Appellee contends is undisputed. It further maintains that requests for relief from a confirmed order must be filed within 180 days of confirmation and must be based on fraud. Appellant points out that there is no dispute that the confirmation order was entered more than 180 days before Debtors sought relief through this Appeal. Further, the Debtors did not allege fraud. It argues that Appellants' position on the resolution of Appellee's fee request application bears on the timing of this Appeal is meritless  The issue of this Appeal is the resolution of Appellee's fee application, and not the unrelated, untimely request for relief from the confirmed plan and confirmation order.

The Parties provide competing briefing schedules. Appellants propose a briefing schedule, which it maintains will allow the consolidation of any future appeal into this one, and would enable resolution of all appellate issues in one set of briefing. Their proposed briefing schedule is as follows:

| | |
|---|---|
| **Appellants' Opening Brief** | **On or before October 31, 2022** |
| **Appellee's Responsive Brief** | **On or before January 31, 2023** |
| **Appellants' Reply Brief** | **On or before February 28, 2023** |

Appellee's counter with the following briefing schedule, which it maintains is in accordance with the Federal Rule of Bankruptcy Procedure 8018 and is directed to the present issue before this Court, that is, its fees:

| | |
|---|---|
| **Debtors/Appellants Opening Brief** | **July 22, 2022** |
| **Appellee's Answering Brief** | **August 30, 2022** |
| **Debtors/Appellants Reply Brief** | **September 5, 2022** |

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from mandatory mediation and proceed through the appellate process of this Court. Through this Recommendation, the parties are advised of their right to file objections pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge